SCOTT A. HAGEN (4840)
PAUL C. BURKE (7826)
RAY QUINNEY & NEBEKER
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
 Telephone No.: (801) 532-1500

Attorneys for Plaintiffs



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BLAINE FLINDERS and DAVID BROWN, on Behalf of Themselves and Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>WORKFORCE STABILIZATION PLAN OF PHILLIPS PETROLEUM COMPANY,<br><br>Defendant. | **CLASS ACTION**<br><br>COMPLAINT<br><br>Judge Dale A. Kimball<br>DECK TYPE: Civil<br>DATE STAMP: 06/14/2004 @ 10:54:03<br>CASE NUMBER: 2:04CV00541 DAK |

Plaintiffs complain of Defendant Workforce Stabilization Plan of Phillips Petroleum Company (the "Plan") as follows:

### JURISDICTION

1. This is an action commenced on behalf of participants in an employee benefit plan pursuant to the provisions of 29 United States Code ("USC") § 1132(a)(1)(B). This Court has jurisdiction over the subject matter of this action pursuant to 29 USC § 1132(d) and 28 USC § 1331.

## VENUE

2. The Plan has been administered in Bartlesville, Oklahoma. Plaintiffs reside in the metropolitan area of Salt Lake City, Utah, and the administrative review process has been carried out in Oklahoma and Salt Lake City. Furthermore, the Plan has paid benefits to other participants who reside in the Salt Lake City metropolitan area. Venue is therefore properly laid in this Court pursuant to 29 USC § 1132(e)(2) and 28 USC § 1391.

## PARTIES

3. Blaine Flinders and David Brown are residents of Davis County and members of the collective bargaining unit represented by Local 8-578, Paper, Allied-Industrial, Chemical and Energy Workers International Union (hereinafter, the "Union"). Both Flinders and Brown work at the Woods Cross Refinery, which was formerly owned by the Phillips Petroleum Company and is now owned by the Holly Corporation.

4. The Plan is an employee benefit plan as that term is defined in the Employee Retirement Income Security Act of 1974, as amended. It is administered pursuant to the terms of a written plan document ("Plan Document") and summary plan description ("Summary Plan Description").

## GENERAL ALLEGATIONS

5. The purpose of the Plan is to provide benefits to eligible employees who are laid off in connection with, among other things, the merger of Phillips Petroleum Company with a new company. Benefits are provided pursuant to the terms of the Plan Document and Summary Plan Description.

6. On March 4, 2002, the shareholders of Phillips Petroleum Company approved a merger with Conoco, resulting in the formation of a new company, ConocoPhillips.

7. In connection with the merger, the U. S. Federal Trade Commission required that ConocoPhillips sell the Woods Cross Refinery in order to comply with federal anti-trust laws. The Woods Cross Refinery was therefore sold to Holly Corporation.

8. As a result of the merger, plaintiffs' employment with the Phillips Petroleum Company came to an end, constituting a layoff within the meaning of the Plan Document and Summary Plan Description.

9. By virtue of their participation in the Plan and their layoff from Phillips Petroleum Company, plaintiffs are entitled to benefits from the Plan.

10. The Summary Plan Description excludes from participation in the Plan "Any member of a recognized or certified collective bargaining unit unless coverage under the plan is included under the collective bargaining agreement."

11. Plaintiffs are members of a recognized or certified collective bargaining unit, but the applicable collective bargaining agreement includes coverage under the Plan.

12. By letter dated June 5, 2003, plaintiffs applied for benefits under the Plan.

13. By letter dated September 24, 2003, the Plan rejected plaintiffs' claims for benefits purportedly on the grounds that, as members of a recognized or certified collective bargaining unit, they were excluded from eligibility for benefits under the Plan Document and Summary Plan Description.

14. By letter dated October 29, 2003, plaintiffs appealed the denial of their claim for benefits under the Plan.

15. By letter dated November 26, 2003, the Plan acknowledged receipt of the plaintiff's letter dated October 29, 2003 requesting a review of the claim denial.

16. Plaintiffs did not receive a response from the Plan to their letter dated October 29, 2003 until April 3, 2004, when they received by overnight mail a copy of a letter dated December 18, 2003. The letter dated December 18, 2003 denied plaintiffs' claims. The letter also notified plaintiffs that they had exhausted their administrative remedies and informed them that they had the right to file suit under ERISA § 502.

## FIRST CAUSE OF ACTION
### (Claim for Benefits Under ERISA § 502, 29 U.S.C. § 1132)

17. Plaintiffs incorporate herein their allegations in paragraph 1 through 16 above.

18. Plaintiffs are participants in the plan and are eligible for benefits.

19. Plaintiffs have made proper application for benefits and such benefits have been denied.

20. Plaintiffs have exhausted their administrative remedies under the Plan.

21. Plaintiffs are entitled to benefits under the Plan and respectfully request that such benefits be awarded, along with prejudgment interest, post-judgment interest, and attorney's fees.

## CLASS ACTION ALLEGATIONS

22. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all employees in the collective bargaining unit represented by the Union at the Woods Cross Refinery.

23. The members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

24. There is a well-defined community of interest in the questions of law and fact involved in this case. Indeed, the ultimate disputed issue - eligibility for benefits - is the same for every member of the Class, because all members of the Class were denied eligibility for the same stated reason. Questions of law and fact common to the members of the Class which predominate over questions which may affect individual Class members include:

   a. The appropriate standard of review to be applied to the Court's review of the plan administrator's decision to deny benefits;

   b. Whether administrative remedies have been exhausted; and

   c. Whether the Plan was included as a benefit for the Class in the applicable collective bargaining agreement.

25. Plaintiffs' claims are typical of those of the Class because plaintiffs and the Class have been denied benefits by virtue of the Plan's decision to deny their claims.

26. Plaintiffs will adequately protect the interests of the Class. Plaintiffs have no interests which conflict with those of the Class.

27. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief against the Plan:

(a)     Benefits according to the terms and conditions of the Plan, according to their individual years of service;

(b)     Pre-judgment interest on the benefits from the date on which they were due up to the date of judgment;

(c)     Post-judgment interest from the date of judgment until payment;

(d)     Costs of suit, including reasonable attorney's fees; and

(e)     Any other appropriate relief as determined in the Court's discretion.

DATED this 14 day of June, 2004.

RAY QUINNEY & NEBEKER

/s/ Scott A. Hagen
Scott A. Hagen
Paul C. Burke

Attorneys for Plaintiffs

Plaintiff's Address:

781 Sunset Drive
Kaysville, Utah 84037

760379