IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **BLAINE FLINDERS, et al.,**<br><br>　　Plaintiffs,<br><br>　　v.<br><br>**WORKFORCE STABILIZATION PLAN OF PHILLIPS PETROLEUM COMPANY,**<br><br>　　Defendants. | **ORDER**<br><br>Case No. 2:04-CV-541DAK<br><br>Judge Dale A. Kimball |

　　This matter is before the court on Defendant's Emergency Motion to Seal Findings of Fact and Conclusions of Law. The court heard argument from the parties on this motion on December 19, 2007. The court temporarily sealed the Findings of Fact and Conclusions of law and requested the parties to more fully brief the issue. The parties have now filed their respective briefs. Being fully advised of the parties' positions as well as the facts and law relevant to the present motion, the court enters the following Order.

　　Defendant reached a settlement agreement with Plaintiffs. Because this matter is a class action, class counsel was required to file the Settlement Agreement with the court and obtain the court's approval of the settlement. When the Settlement Agreement was filed, the parties agreed that it should be filed under seal. Class counsel then filed the proposed findings and conclusions for the court's approval of the Settlement Agreement. The proposed findings and conclusions contain material terms of the Settlement Agreement. The court sealed the proposed findings and

conclusions.  The court approved the Settlement Agreement, finding that it was fair and reasonable.  Therefore, the court must determine whether the Findings of Fact and Conclusions of Law supporting the court's approval of the settlement should remain under seal.

As part of the Settlement Agreement, the parties agreed to the following confidentiality provision:

> The parties and their counsel agree that this Agreement and the terms hereunder, including the specific individual payment amounts, should be kept confidential to the extent reasonably possible under the circumstances.  Accordingly, the class representatives agree [a] not to publicize the terms of the Agreement, [b] not to disclose the individual payment amounts except to immediate family members, financial or tax advisors, or legal counsel, and [c] to ask the other members of the class to keep the settlement terms confidential.  In response to any media inquiries regarding the settlement, the class representatives and their counsel, and the Plan (including the Company) and its counsel will provide no response regarding the settlement, other than "the matter has been resolved to the mutual satisfaction of the parties," or words to that effect.  The parties acknowledge that the total amounts will be disclosed through court proceedings, and that the class representatives are not liable for disclosure of other class members.

Defendant asserts that at each stage of the litigation, it acted in reliance on its reasonable and bargained understanding that the provisions of the settlement would remain confidential.  Plaintiffs, on the other hand, argue that the confidentiality provision does not provide complete confidentiality.  No Defendant could obtain a full confidential provision in a class action suit because Rule 23 of the Federal Rules of Civil Procedure requires the court to approve of the settlement.  The confidentiality provision between the parties in this case, however, attempts to make the agreement "confidential to the extent reasonably possible."  This court review process has been fully satisfied in the instant case.  The certified class is only 89 members and each of the members is also a member of a common labor union.  Each member received a personalized

notice of the settlement and their rights to object.  That notice provided each individual member with the contact information for both parties' counsel.  The class also reviewed the terms of the settlement and approved it through a group vote.  This case does not present a situation where there is a class member who may not have been able to participate fully in the settlement process.[1]  Therefore, sealing the Findings of Fact and Conclusions of Law would not be at odds with the purposes of Rule 23.

Moreover, if the court did not seal the Findings of Fact and Conclusions of Law, the court would render provisions of the Settlement Agreement meaningless.  Plaintiffs agreed "not to publicize the terms of the Agreement."  Plaintiffs also agreed not to divulge any material terms to the media when they agreed to "provide no response regarding the settlement, other than 'the matter has been resolved to the mutual satisfaction of the parties.'"  The Findings of Fact and Conclusions of Law contain material terms of the Settlement Agreement, and documents on the court's docket are public records accessible by any member of the public.  The court, therefore, finds that the Findings of Fact and Conclusions of Law should remain under seal.  Accordingly, Defendant's motion to seal is granted.

DATED this 18th day of January, 2008.

_____
DALE A. KIMBALL
United States District Judge

---

[1] Plaintiffs also argue that the terms of the settlement agreement should be available because of the possibility that additional claims may be brought by different counsel and in different jurisdictions.  Plaintiffs, however, would have copies of the settlement agreement and could certainly contact prior counsel for copies.  Access to the court's Findings of Fact and Conclusions of Law supporting the approval of the Settlement Agreement would, therefore, be unnecessary.  Moreover, Plaintiff agreed to seal the Settlement Agreement.